117 A.3d 177

IN THE MATTER OF LEE D. GOTTESMAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 016721981).

July 16, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–341, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **LEE D. GOTTESMAN** of **TOMS RIVER,** who was admitted to the bar of this State in 1981, and who has been temporarily suspended from the practice of law pursuant to *Rule* 1:20–13(b)(1) since May 13, 2013, should be suspended from the practice of law for a period of three years, based on respondent's guilty plea in the United States District Court for the District of New Jersey to tax evasion, in violation of 26 *U.S.C.* § 7201, and willful failure to pay payroll taxes, in violation of 26 *U.S.C.* § 7202, conduct that violates *RPC* 8.4(b)

(criminal act that reflects adversely on the lawyers' honesty, trustworthiness, or fitness as a lawyer), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having determined that the term of suspension should be retroactive to May 13, 2013, the date of the respondent's temporary suspension from practice;

And good cause appearing;

It is ORDERED that **LEE D. GOTTESMAN** is suspended from the practice of law for a period of three years, retroactive to May 13, 2013, and until further Order of the Court, and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law in this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.